UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AHMAD TAYLOR MUHAMMAD,<br><br>Defendant. | No. 1:23-cr-00236-NODJ-BAM-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE SOLE COUNT IN THE INDICTMENT<br><br>(Doc. No. 29) |

Defendant Ahmad Taylor Muhammad has moved to dismiss the charge in the sole count in the indictment of violating 18 U.S.C. § 922(g)(1). (Doc. No. 29.) Defendant argues that § 922(g)(1) is unconstitutional as applied to him because the government cannot prove that the statute is "part of the historical tradition" of firearm regulation. (*Id.* at 5) (citing *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024)). The government filed an opposition to the motion to dismiss. (Doc. No. 37.) The motion came on for hearing on July 17, 2024 along with a motion to suppress evidence that has now been denied by separate order. (Doc. Nos. 41, 55.)

On July 17, 2024, the Ninth Circuit granted rehearing en banc and vacated the panel decision in *Duarte*. *United States v. Duarte*, 108 F.4th 786 (9th Cir. 2024). Accordingly, the binding precedent in this circuit is that § 922(g)(1) is constitutional. *See United States v. Vongxay*, 594 F.3d 1111, 1116–18 (9th Cir. 2010). In the Ninth Circuit, a decision of a three-

1

judge panel, such as the court's decision in *Vongxay*, is binding unless a later decision from the Supreme Court is "clearly irreconcilable" with that panel's decision. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003). The Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) is not clearly irreconcilable with *Vongxay* and other decisions by the Ninth Circuit upholding the constitutionality of § 922(g)(1). *See Duarte*, 101 F.4th at 691–96 (Smith, J., dissenting). The court's conclusion in this regard is strengthened by the Supreme Court's recent decision in *United States v. Rahimi*, 602 U.S.__, 144 S. Ct. 1889, 1897 (2024) ("[S]ome courts have misunderstood the methodology of our recent Second Amendment cases. These precedents were not meant to suggest a law trapped in amber.").

        Accordingly, and for the reasons explained above, defendant's motion to dismiss the charge brought against him in this case (Doc. No. 29) is denied. In addition, the defendant's request to stay these proceedings in light of the motion to dismiss (Doc. No. 40) has been rendered moot by this order and is also denied on that basis.

        IT IS SO ORDERED.

Dated: **September 4, 2024**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE